IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHARMIA CARTER                  *
          Plaintiff,            *
vs.                             *
                                     CASE NO. 4:06-CV-58(CDL)
                                *
NORFOLK SOUTHERN RAILWAY
COMPANY,                        *
          Defendant.            *

O R D E R

Plaintiff Charmia Carter filed the above captioned action against her former employer, Norfolk Southern Railway Company,[1] "seeking declaratory relief, injunctive relief, and damages to redress the deprivation of *her* rights by Defendant because of their [sic] discriminatory treatment of *her* based upon *her* sex, female, and because of its retaliation against *her* for complaining about sexual harassment discrimination." (Compl. ¶ 2) (emphasis added). Plaintiff brings these causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991. Defendant filed a motion for partial dismissal (Doc. 7) pursuant to Federal Rules of Civil Procedure Rule

---

[1] Plaintiff incorrectly identified Defendant in the caption of her Complaint as "Norfolk Southern Railroad." (*See* Def.'s Mem. Supp. Partial Mot. to Dismiss Pl.'s Policy of Practice Claims 1, Sept. 26, 2006) [hereinafter Def.'s Mem. Supp.].

12(b)(6),[2] contending that Plaintiff's Complaint fails to state a claim for "policy of practice" upon which relief may be granted. For the following reasons, the Court grants Defendant's motion.

## FACTUAL BACKGROUND

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 14, 2005. On the form she used to file her charge, Plaintiff indicated that she was the victim of unlawful sex discrimination and retaliation. Plaintiff detailed "the particulars" of her accusations as follows:

I.  On or about June 2, 2005, I was hired as a Conductor by the above-named employer [Norfolk Southern Railroad]. Since June 2005, and continuing through September 2005, I was harassed by Conductor Mr. M. E. King in the form of intimidating comments and threats. On September 25, 2005, I reported the harassment to Train Master John Charbonneau. I also reported the harassment to Operations Manager John Martin on October 5, 2005. Since October 31, 2005 and continuing to the present day I have not been scheduled to report to work.

II. I have not been provided with a reason for not being allowed to return to work.

III. I believe that I have been discriminated against because of my sex (female) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

---

[2]Defendant first raised its "failure to state a claim" defense in its responsive pleading. Therefore, the subsequently filed motion for partial dismissal shall be construed as a motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c). *See Skrtich v. Thornton*, 280 F.3d 1295, 1306 n.13 (11th Cir. 2002).

2

(Compl. Ex. A.) The EEOC issued to Plaintiff a notice of right to sue on March 31, 2006, and she filed the present lawsuit on June 15, 2006.³ Under the heading of "Claim for Declaration and Injunctive Relief," the Complaint asks this Court to

> enjoin[] the Defendant from maintaining a policy of [sic] practice of:
>
> A. Discriminating against Plaintiff *or other persons* because of their sex or in retaliation for complaints about sexual harassment with respect to compensation, terms, conditions, and privileges or employment; [and]
>
> B. Limiting, segregating, and classifying Plaintiff *or other persons* in ways which deprive them of employment opportunities and otherwise adversely affect their status as an employee because of their sex, or retaliation for complaints about sexual harassment discrimination.

(Compl. ¶ 8) (emphasis added). Defendant now seeks judgment on the pleadings with respect to the claims of "other persons," arguing that the Complaint impermissibly extends the present lawsuit beyond the scope of Plaintiff's EEOC charge, which referenced only her personal grievances.

## STANDARD OF REVIEW

Judgment on the pleadings is appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)

---

³Plaintiff first filed an unsigned complaint on June 9, 2006. The pleading dated June 15 corrects this error.

3

(internal citation omitted). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Id.* As is required under Rule 12(b)(6), the Court "must accept all facts in the complaint as true and 'view them in the light most favorable to the' plaintiff[]." *Moore v. Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001); *see also Gen. Guar. Ins. Co. v. Parkerson*, 369 F.2d 821, 825 (11th Cir. 1966) ("We are, of course, aware of the obligation to scrutinize the complaint and to let it stand if plaintiff might recover under any set of facts which could be proved in support of the claim, with the complaint construed in the plaintiff's favor.") (internal citations omitted).

## DISCUSSION

Defendant moves for judgment on the pleadings on Plaintiff's "policy of practice" claim for the following reasons: (1) Plaintiff failed to file an EEOC charge alleging that Defendant maintains a policy or practice of harassment and/or discrimination against all employees; and (2) "[n]either the EEOC nor [Defendant] could reasonably have expected that an allegation of individual discrimination would morph into a lawsuit that [Defendant] had a policy and practice of discriminating against women or against those who complained of harassment." (Def.'s Mem. Supp. 5.) Plaintiff contends that: (1) she "presented the 'Policy and Practice' claim as

4

a means of providing further clarification of the scope of [her] claim"; (2) that "discrimination on the basis of sex is inherently a pattern and practice claim and it is reasonable and foreseeable that such a claim will arise from this complaint"; and (3) "it is to be expected that once an initial claim is filed, that claim may start the ball rolling for similar claims and a possible class action where a certain number of individuals have been subjected to the same treatment." (Pl.'s Resp. Def.'s Mot. for Partial Dismissal of Pl.'s Policy of Practice Claim 3, 4.)

A plaintiff who seeks to pursue a Title VII action is required to file a charge of discrimination with the EEOC as a condition precedent to filing a judicial suit. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970) (internal citations omitted).[4] The EEOC must "have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2001) (internal quotation marks and citations omitted). "[T]he crucial element of a charge of discrimination is the factual statement contained therein. Everything else entered on the form is, in essence, a mere amplification of the factual allegations."

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Sanchez*, 431 F.2d at 462. Accordingly, "the only procedural requirement which should confront a Title VII complainant is the requirement that he state . . . facts sufficient to trigger [an EEOC] investigation[,]" and "the allegations in a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission." *Id.* at 462, 466. In other words, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 466 (internal citation omitted); *see also Gregory*, 355 F.3d at 1280. Although the allegations in a judicial suit must bear some relation to the EEOC charge of discrimination, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII,]" and "the scope of an EEOC complaint should not be strictly interpreted." *Sanchez*, 431 F.2d at 465 (internal quotation marks and citation omitted).

Defendant contends that Plaintiff's Complaint impermissibly extends her EEOC charge because the factual allegations contained in the charge do not relate to any of Defendant's employees other than Plaintiff. According to Defendant, "the 'scope' of the EEOC investigation which can reasonably be expected to grow out of" a charge outlining one instance of discrimination is different from

6

"the 'scope' of the EEOC investigation which can reasonably be expected to grow out of" a charge alleging a policy or practice of widespread discrimination. *See Sanchez*, 431 F.2d at 466 (internal citation omitted); *Gregory*, 355 F.3d at 1280. In other words, an allegation that an employer engages in widespread discrimination as a matter of practice and policy is not "like or related to" an allegation that an employer discriminated against a specific employee under particular circumstances.

It is unclear whether Plaintiff's practice and policy allegations are intended to relate to claims that Plaintiff seeks to assert on behalf of other employees or whether Plaintiff seeks to submit evidence of widespread discrimination in support of her individual claims. To the extent Plaintiff seeks to assert claims on behalf of other employees, the Court finds that the investigation "which can reasonably be expected to grow out of" Plaintiff's EEOC charge would not likely extend to any of Defendant's other employees. Thus, to the extent Plaintiff attempts to seek declaratory and injunctive relief on behalf of other individuals, she failed to state a claim for which this Court may grant relief.

Furthermore, to the extent that Plaintiff seeks to support her individual discrimination claims with evidence of a widespread pattern and practice of discrimination by Defendant, the Court likewise finds that any such claims are beyond the scope of her EEOC charge. Although Title VII "authorize[s] private actions by

7

individual employees . . . in cases involving a 'pattern or practice' of discrimination[,]" *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 286 (2002), such claims are markedly different from those involving an allegation of individual discrimination. "The inquiry regarding an individual's claim is the reason for a particular employment decision, while 'at the liability stage of a pattern-or-practice trial the focus often will not be on individual [] decisions, but on a pattern of discriminatory decisionmaking.'" *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 (1984) (*citing Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360 n.46 (1977)). Clearly, an EEOC investigation into a charge of pattern discrimination would be much more involved than an investigation involving a single instance of discrimination. Plaintiff's EEOC charge was clearly limited to alleged discrimination against her unrelated to any widespread policy or practice of discrimination. Since she is not allowed to expand her claims beyond her EEOC charge, any claim based upon an alleged pattern and practice of discrimination must fail. Accordingly, Plaintiff's claims based upon allegations of a pattern and practice of discrimination by Defendant are dismissed.

CONCLUSION

For the reasons stated herein, the Court grants Defendant's Partial Motion to Dismiss Plaintiff's Policy of Practice Claims (Doc. 7).

IT IS SO ORDERED, this 11th day of June, 2006.

>S/Clay D. Land
> CLAY D. LAND
> UNITED STATES DISTRICT JUDGE